IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

       Plaintiff-Respondent,

     vs.                    Criminal No.3:01-CR-50(JCH)

KIRKLAND FOLKES,

       Defendant-Petitioner.
_____/

## MOTION FOR MODIFICATION OF SENTENCE
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

    The Petitioner, Kirkland Folkes (hereinafter "Folkes"), proceeding pro se, respectfully petition this Honorable Court pursuant to Title 18 U.S.C. § 3582(c)(2) for a reduction of his sentence in the above criminal matter.

    Folkes makes this request in light of Amendment 9 to the United States Guidelines (U.S.S.G.), which reduced the sentencing ranges for cases involving crack cocaine. (See, 72 FR 28557 (May 21, 2007)).

I.    **BACKGROUND**

    Folkes was named in a single-count Indictment which was filed in the District of Connecticut.  The Indictment charged Folkes

1

with possession with intent to distribute and distribution of more than 5 grams of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(B).

After a initial plea of not guilty, Folkes later entered a plea of guilty to the charged offense.

In December of 2002, a sentencing hearing was conducted before this Court. After considering the Presentence Report (PSR) and objections submitted thereto, the Court found by a preponderance of the evidence that Folkes was responsible for distributing between 50 and 150 grams of cocaine base, which yield a base offense level of 32. Based on a Criminal History category of VI and an adjusted offense level of 29 (3 points subtracted for acceptance of responsibility pursuant to § 3E1.1(a)(b)), the Court sentenced Folkes to 151 months incarceration, to be followed by 5 years supervised release.

Folkes did not appeal his sentence or conviction. He also has not filed any motion for post-conviction relief under 28 U.S.C. § 2255.

## II.    ARGUMENT IN SUPPORT OF FOLKES' MOTION PURSUANT TO 18 U.S.C. § 3582(c)(2).

In May 2007, the United States Sentencing Commission issued a report to the United States Congress in which it "again unanimously and firmly urge[d] Congress to act promptly" by "decreasing[] substantially" the 100-to-1 ratio in the Guidelines' base offense levels and drug quantity table that establish sentencing ranges for crack cocaine and powder cocaine

2

quantities. (U.S. Sentencing Commission Special Report to Congress: Cocaine and Federal Sentencing Policy 8 (2007)); (2002 Report at viii). After commenting that "the problems associated with the 100-to-1 drug quantity ratio ... are []urgent and compelling," the Commission submitted an amendment (Amendment 9) to Congress that, as of November 1, 2007, adjust crack quantities downward by two levels. (2007 Report at 9). Accordingly, the amendment assigns, for crack cocaine offenses, base offense levels corresponding to guideline ranges that include the statutory mandatory minimum penalties for cocaine base ("crack"). Based on the changes brought about by Amendment 9, coupled with the retroactivity designation of Amendment 9 under U.S.S.G. § 1B1.10 which was issued by the Sentencing Commission on December 11, 2007, federal inmates such as Folkes whose prison sentences are based on crack penalties may petition the sentencing court pursuant to 18 U.S.C. § 3582(c)(2) to seek the two-level reduction authorized by Amendment 9.

Title 18 U.S.C. § 3582(c)(2) provides that the sentencing court may not modify a term of imprisonment once it has been imposed except that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o),... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

3

Prior to the issuance of Amendment 9, the Sentencing Commission has repeatedly criticized the 100-to-1 ratio disparity in sentencing between crack and powder cocaine, and has been instrumental in pushing for changes that would eliminate the disparity, as can be gleaned from the slew of reports and policy statements the Commission has issued over the years discrediting crack cocaine sentencing. The passage of Amendment 9 is yet another step by the Commission towards instituting changes intended to achieve a level of parity and fairness in sentencing involving crack cocaine offenses. Listing Amendment 9 in § 1B1.10(c) reflects policy determination by the Commission that a reduced guideline range is sufficient to achieve the purpose of sentencing and that, in the sound discretion of the court, a reduction in the term of imprisonment is appropriate for previously sentenced defendants. (See, U.S.S.G. § 1B1.10, Background).

As the Commission explained in reports dating back to 1995, the 100-to-1 ratio disparity between crack and powder cocaine is unwarranted, unjust, it undermines the objectives of the Sentencing Reform Act, and it creates a racially disproportionate impact. (See, U.S. Sentencing Commission Report to Congress: Cocaine and Federal Sentencing Policy (2002)) ("[T]he Commission firmly and unanimously believes that the current federal cocaine sentencing policy is unjustified and fails to meet the sentencing objectives set forth by Congress in both the Sentencing Reform Act [of 1984] and the [Anti-Drug Abuse] Act.") (2002 Report). Just as how the Commission acknowledged the importance of

4

eliminating the weighing of LSD carrier medium, it has also acknowledged the need and the importance of correcting the disparity between crack and powder cocaine.

As it stands, the present change in the Guidelines effectuated by Amendment 9 presents unique questions surrounding the extent of reduction in sentence the district court may lawfully impose by exercising its discretion within the framework of the post-Booker sentencing regime. As this Court is well aware, the United States Supreme Court in the consolidated cases of United States v. Booker and United States v. Fanfan, 125 S.Ct. 738 (2005), ruled that the language in the Sentencing Reform Act making the Sentencing Guidelines mandatory was to be stricken. The Guidelines thus, in the words of the Court, became "effectively advisory" in all cases. Id., at 757. The Guidelines are now just one factor among several that sentencing courts are required to consider in imposing a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

In today's post-Booker sentencing regime, at sentencing district courts are required first to correctly identify the applicable guideline range. Secondly, the court is then required to consider the factors set forth in 18 U.S.C. § 3553(a). According to section 3553(a)(2), the four purposes of sentencing are retribution, deterrence, incapacitation, and rehabilitation. In determining the sentence minimally sufficient to comply with the section 3553(a)(2) purposes of sentencing, the court must consider several factors listed in § 3553(a). These factors

5

are: (1) "the nature and circumstances of the offense, and history and characteristics of the defendant"; (2) "the kinds of sentencing available"; (3) "the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range"; (4) "the need to avoid unwarranted sentencing disparity"; and (5) "the need to provide restitution where applicable." 18 U.S.C. § 3553(a)(1), (a)(3), (a)(5)-(7).  Thus, in light of Amendment 9, if the Court finds that the sentence previously imposed upon Folkes is greater than necessary to comply with the purposes of sentencing, § 3553(a) gives the Court the authority to exercise its discretion in imposing a more lenient sentence.

Post-<u>Booker</u> precedent instructs district courts to, inter alia, "exercise[] [their] discretion by considering the relevant [§ 3553(a)] factors" in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines. See, <u>United States v. King</u>, 454 F.3d 187 (3rd Cir. 2006), quoting <u>United States v. Cooper</u>, 437 F.3d 324, 329 (3rd Cir. 2006).  Likewise, as stated above, § 3582(c)(2) provides that, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o),... the court may reduce the term of imprisonment, <u>after considering the factors set forth in section 3553(a) to the extent that they are applicable</u>..." § 3582(c)(2). (emphasis added).

In <u>United States v. Gunter</u>, the Third Circuit held that by

6

not considering the factors set forth in the relevant § 3553(a)
factors, this "implicates the second type of Booker error,"
i.e., the non-constitutional error. Gunter, 462 F.3d at 248.
Inasmuch as reliance upon the section 3553(a) factors are
appropriate within the context of a § 3582(c)(2) motion, the
Second Circuit, like this Circuit, found that it is the district
courts that have the discretion to lower sentences in the
context of a motion presented under § 3582(c)(2). See, United
States v. Colon, 961 F.2d 41 (2nd Cir. 1992). Specifically,
the Colon panel held:

> We note that the amendment [to the Guidelines]
> is not among those explicitly stated to be
> retroactive by the Sentencing Commission, see
> U.S.S.G. § 1B1.10(d) (policy statement), but
> we are not deciding the effect of this policy
> statement, nor its relationship to Section
> 3582(c)(2). It will be for the District Court,
> in the first instance, to determine, on
> application or sua sponte, to what extent, if
> any, it has authority to apply [an amendment],
> and whether, even if the court decides (or
> assumes, for purpose of an application) that
> it has adequate authority to apply the
> amendment, it wishes to exercise its discretion
> to do so.

Id., at 46 (emphasis added).

As can be gleaned from Colon, the Second Circuit did not
fully resolve whether § 3582(c)(2) is broadly applicable to
instances where the Guidelines has been modified, either by the
Sentencing Commission's policy statements or commentaries, or
through some other form of modification, but instead left it to
the discretion of the district court to invoke the provisions of

§ 3582(c)(2).

Even though it is now clear that the current modification to the Guidelines may be applied in individual cases upon submission of a motion filed under § 3582(c)(2), the modification brought about by Amendment 9 is not the sole basis upon which this Court's authority to modify Folkes' sentence, and the extent of such modification, is to be predicated. As discussed above, the functionality of a motion filed pursuant to § 3582(c)(2) provides that, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o),... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable..." See, § 3582(c)(2). Moreover, subsection (b) of § 1B1.10, which guides sentencing courts as to the amount by which a sentence may be reduced under § 3582(c)(2), provides additional clarification on how district courts should go about applying sentence reductions authorized by an amendment to the Guidelines (in this case Amendment 9) and concomitant statutes relative to resentencing post-Booker. Subsection (b) of § 1B1.10 states:

> In determining whether, and to what extent,
> a reduction in the term of imprisonment is
> warranted for a defendant eligible for
> consideration under 18 U.S.C. § 3582(c)(2),
> the court should consider the term of
> imprisonment that it would have imposed
> had the amendment(s) to the guidelines
> listed in subsection (c) been in effect at

8

the time defendant was sentenced...

As a result, section 3582(c)(2), along with 28 U.S.C. § 994(o), mandates that the § 3553(a) factors are considered when deciding whether to modify a previously imposed sentence based on an amendment to the Guidelines. See, United States v. Williams, 456 F.3d 1354, 1369 (11th Cir. 2006) ("It may be that for some of the reasons stated in the Sentencing Commission's reports, the Guidelines range in a given crack case overstates the seriousness of the particular defendant's offense or that individualized mitigating factors counsel against a Guidelines snetence").

In 2002, Folkes was sentenced by this Court to 151 months incarceration.  Now that he has been presented with the opportunity to petition the Court for a reduction in his sentence, he respectfully does so in light of the factors set forth in § 3553(a).

To begin with, Folkes has maintained a clear conduct throughout his incarceration (See, Attachment "A"), and has been a part of the Federal Prison Industries (UNICOR) job program for over four years.  At UNICOR, Folkes has put forth a great deal of effort towards developing marketable job skills that he intends to put to use upon his release from prison. He realizes that he is quickly approaching forty years old and have yet to do or accomplish anything worthwhile in life, and have since been working diligently to somehow transform his life into something meaningful.  To accomplish this, Folkes realizes that education and job skills are essential prerequisites.  And

9

by working in UNICOR, Folkes has learned the value of work and how to be responsible in this area.

Prior to his incarceration, Folkes experienced perhaps the worst trauma a young person could ever experience in life: He helplessly watched as his mother was gunned down before him. (This incident has been documented in Folkes' PSR). Although such an experience does not excuse Folkes' actions which led to his arrests and social failure in the past, it certainly sheds some light on why he chose to pursue the path of a miscreant.

In addition to maintaining a clear conduct and learning the necessary steps towards becoming a responsible person through his work at UNICOR, Folkes is also attending school where he is working towards completing high school. This is huge goal for Folkes who, in the past, understood very little about the importance of education and its role in his development as a responsible and grounded person.

Even though Folkes did not accomplish much prior to his arrest, he would like to remind the Court that at the time of the offense for which he is now serving nearly thirteen years, he was a young man who understood very little about the world in which he lived, the full impact and consequences that his choices rendered upon his community, and most important of all, how to sensibly define his place in a complex and often unforgiving world. While this observation is not an attempt to excuse irresponsibility, it is certainly a view that warrants understanding and a certain level of empathy.

At Folkes' sentencing hearing, the Court sentenced him to the

low end of his guideline range. Based on a Criminal History category of VI and a total offense level of 29, Folkes' guideline range was 151 to 188 months. Presently, in light of the two points adjustment authorized under Amendment 9, Folkes' total offense level is now 27, which yields a guideline range of 130 to 162 months imprisonment. In consideration of this petition, Folkes respectfully ask that the Court again impose the low end of the guideline range. Each of the statutory purposes of sentencing set forth in section 3553(a) can be achieved through a lesser sentence than the one previously imposed in this case. Indeed, a sentence of nearly eleven years reflects the seriousness of the crime, protects the public, and offers deterrence. Such a sentence is "sufficient but not greater than necessary" to achieve the purpose of sentencing set forth in 18 U.S.C. § 3553(a)(2).

## III.    CONCLUSION

Based on the foregoing argument, Folkes respectfully ask this Honorable Court to reduce his current prison sentence of 151 months by imposing the low end of his new guideline range of 130 to 162 months as calculated under Amendment 9.

Dated: January 14 , 2008.

Respectfully submitted,

Kirkland Folkes (pro se)
Federal Register No.14524-014
FCI McKean
P.O. Box 8000
Bradford, PA 16701

11

**ATTACHMENT   A**

# Certificate of Completion

### Lewisburg, Pennsylvania

## KIRKLAND FOLKES

*completed the*

# DRUG EDUCATION PROGRAM

*and is awarded this certificate*
*this 20th day of December 2004*

R. Whitmire, ACSW, NCAC I
Drug Treatment Specialist

C. Middleton, PhD, M.S.
Drug Abuse Programs Coordinator

14524-014

```
  MCK2M          *          PROGRAM REVIEW REPORT          *      06-15-2007
  PAGE 001                                                        11:16:26
```

INSTITUTION: MCK   MCKEAN FCI

NAME.......: FOLKES, KIRKLAND
RESIDENCE..: BRIDGEPORT, CT 06604                    REG. NO: 14524-014

TYPE OF REVIEW......: INITIAL CLASSIFICATION PROGRAM REVIEW
NEXT REVIEW DATE....:                    1/08

PROJ. RELEASE DATE..: 12-22-2012              RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE                    HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW:          7/08    DETAINERS (Y/N): Y

CIM STATUS (Y/N)....: N           IF YES, RECONCILED (Y/N):    N/A

PENDING CHARGES.....:          INS detainer

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B) (Y/N)....: N-dty
     IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE

| CATEGORY | - - - - - | CURRENT ASSIGNMENT - - - - - - - | EFF DATE | TIME |
|----------|-----------|----------------------------------|----------|------|
| CMA | IHP PEND | IMMIG FUTURE IHP PART DATE | 02-20-2003 | 1814 |
| CMA | PROG RPT | NEXT PROGRESS REPORT DUE DATE | 02-06-2009 | 1100 |
| CMA | RPP INELIG | RELEASE PREP PGM INELIGIBLE | 06-17-2005 | 1219 |
| CMA | V94 CDA913 | V94 CURR DRG TRAF ON/AFT 91394 | 02-18-2003 | 1043 |
| CUS | IN | IN CUSTODY | 01-17-2003 | 0807 |
| DRG | DRG E COMP | DRUG EDUCATION COMPLETED | 12-20-2004 | 1339 |
| DRG | DRG I RQ C | DRG INTRV REQD: CONTRB TO OFF | 02-20-2003 | 1959 |
| EDI | ESL HAS | ENGLISH PROFICIENT | 02-14-2003 | 1121 |
| EDI | GED EP | ENROLL GED PROMOTE W/CAUSE | 08-16-2005 | 1208 |
| EDI | GED SAT | GED PROGRESS SATISFACTORY | 07-01-2004 | 1441 |
| FRP | COMPLT | FINANC RESP-COMPLETED | 09-01-2004 | 0915 |
| LEV | MEDIUM | SECURITY CLASSIFICATION MEDIUM | 11-17-2004 | 1054 |
| MDS | NO F/S | NO FOOD SERVICE WORK | 02-10-2003 | 1422 |
| MDS | REG DUTY W | REGULAR DUTY W/MED RESTRICTION | 01-21-2005 | 1103 |
| QTR | C03-114L | HOUSE C/RANGE 03/BED 114L | 11-01-2006 | 0839 |
| RLG | RASTA | RASTAFARIAN | 07-22-2006 | 1348 |
| WRK | I PACK 1 | PACKING 1 | 02-06-2007 | 0001 |

WORK PERFORMANCE RATING:          packing: received better than
                                  average evals

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW:          0


FRP PLAN/PROGRESS:   TRUST FUND DEPOSITS PAST 6 MO: $    829.74

FRP PAYMENTS PAST 6 MO:  $    N/A      OBLG BALANCE: $   Complete

CURRENT FRP PLAN: $    N/A    PAYMENTS COMMENSURATE: YES ____ / NO ____

MCK2M                        *        PROGRAM REVIEW REPORT              *        06-15-2007
PAGE 002                                                                         11:16:26

IF NO, NEW PAYMENT PLAN: _____ N/A _____

_____

_____

RELEASE PREPARATION PARTICIPATION: _ineligible due to alien status_

_____

_____

CCC RECOMMENDATION: _____ N/A _due to INS detainer_

_____

PROGRESS MADE SINCE LAST REVIEW: _maintained clear conduct_
-obtained GED classes
- did not participate in anger management classes

GOALS FOR NEXT PROGRAM REVIEW MEETING: _maintain clear conduct_
- continue GED classes
- enroll in Mrs. McPhesh writing report class taught
by the chapel

_____

_____

LONG TERM GOALS: _maintain clear conduct_
- complete your GED by 7/08

_____

_____

_____

_____

```
MCK2M              *        PROGRAM REVIEW REPORT        *        06-15-2007
PAGE 003 OF 003                                                  11:16:26
```

OTHER INMATE REQUESTS/TEAM ACTIONS: _____ 407 /408 _allunals_ and complete_ _____

_____

_____

_____

_____

_____

_____

_____

SIGNATURES:

CHAIRPERSON: _X Luker, Actg UM_   INMATE: _X falko_ _____

DATE: ___7/3/07___        DATE: __7/3/07__

```
  MCK2M           *           PROGRAM REVIEW REPORT           *       12-15-2006
  PAGE 001                                                            12:13:49
```

INSTITUTION: MCK   MCKEAN FCI

NAME.......: FOLKES, KIRKLAND                         REG. NO: 14524-014
RESIDENCE..: BRIDGEPORT, CT 06604

TYPE OF REVIEW......: INITIAL CLASSIFICATION/PROGRAM REVIEW
NEXT REVIEW DATE....:          7/07

PROJ. RELEASE DATE.: 12-22-2012          RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE               HEARING TYPE..: NONE

DATE OF NEXT CUSTODY REVIEW:         7/07        DETAINERS (Y/N): Y

CIM STATUS (Y/N)....: N           IF YES, RECONCILED (Y/N): N/A

PENDING CHARGES.....:                    INS detainer

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B) (Y/N)....:     ✓
   IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE

| CATEGORY | - - - - - CURRENT ASSIGNMENT - - - - - - - | EFF DATE | TIME |
|---|---|---|---|
| CMA | IHP PEND | IMMIG FUTURE IHP PART DATE | 02-20-2003 | 1814 |
| CMA | PROG RPT | NEXT PROGRESS REPORT DUE DATE | 02-06-2009 | 1100 |
| CMA | RPP INELIG | RELEASE PREP PGM INELIGIBLE | 06-17-2005 | 1219 |
| CMA | V94 CDA913 | V94 CURR DRG TRAF ON/AFT 91394 | 02-18-2003 | 1043 |
| CUS | IN | IN CUSTODY | 01-17-2003 | 0807 |
| DRG | DRG E COMP | DRUG EDUCATION COMPLETED | 12-20-2004 | 1339 |
| DRG | DRG I RQ C | DRG INTRV REQD: CONTRB TO OFF | 02-20-2003 | 1959 |
| EDI | ESL HAS | ENGLISH PROFICIENT | 02-14-2003 | 1121 |
| EDI | GED EP | ENROLL GED PROMOTE W/CAUSE | 08-16-2005 | 1208 |
| EDI | GED SAT | GED PROGRESS SATISFACTORY | 07-01-2004 | 1441 |
| FRP | COMPLT | FINANC RESP-COMPLETED | 09-01-2004 | 0915 |
| LEV | MEDIUM | SECURITY CLASSIFICATION MEDIUM | 11-17-2004 | 1054 |
| MDS | NO F/S | NO FOOD SERVICE WORK | 02-10-2003 | 1422 |
| MDS | REG DUTY W | REGULAR DUTY W/MED RESTRICTION | 01-21-2005 | 1103 |
| QTR | C03-114L | HOUSE C/RANGE 03/BED 114L | 11-01-2006 | 0839 |
| RLG | RASTA | RASTAFARIAN | 07-22-2006 | 1348 |
| WRK | I ASEMBLY1 | ASSEMBLY 1 | 08-22-2006 | 0001 |

WORK PERFORMANCE RATING:         Assembly 1 - Recmec Good
                                          Evaluation

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW:         Ø

FRP PLAN/PROGRESS:  TRUST FUND DEPOSITS PAST 6 MO: $   1483.04

FRP PAYMENTS PAST 6 MO:  $    N/A      OBLG BALANCE: $  Complete

CURRENT FRP PLAN: $   N/A     PAYMENTS COMMENSURATE: YES ____ / NO ____

MCK2M                    *          PROGRAM REVIEW REPORT              *      12-15-2006
PAGE 002                                                                     12:13:49

IF NO, NEW PAYMENT PLAN: _____ _NA_ _____

_____

_____

RELEASE PREPARATION PARTICIPATION: _____ _ineligible due to dep. detain_ _____

_____

_____

CCC RECOMMENDATION: _____ N/A _due to_ I N S _detainer_ _____

_____

PROGRESS MADE SINCE LAST REVIEW: _maintained clear conduct_ _____
- _continued GED classes_ _____

GOALS FOR NEXT PROGRAM REVIEW MEETING: _maintain clear conduct_ _____
- _continue GED classes_ _____
- _enroll in Mr. Watsons next Anger management class_ _____

_____

_____

LONG TERM GOALS: _____ _maintain clear conduct_ _____
- _complete your GED by 12/07_ _____

_____

_____

_____

```
   MCK2M            *        PROGRAM REVIEW REPORT              *      12-15-2006
PAGE 003 OF 003                                                       12:13:49
```

OTHER INMATE REQUESTS/TEAM ACTIONS: _____ 407/408 allows to enter long tele _____

_____

_____

_____

_____

_____

_____

_____

SIGNATURES:


UNIT MANAGER: _X Deller, Adm MV_ INMATE: _X Kirkland folks_

     DATE: _1/3/07_              DATE: _1/3/07_

```
MCK2M                          *         PROGRAM REVIEW REPORT              *        06-14-2006
PAGE 001                                                                             19:59:13

INSTITUTION: MCK   MCKEAN FCI

NAME.......: FOLKES, KIRKLAND                              REG. NO: 14524-014
RESIDENCE..: BRIDGEPORT, CT 06604

TYPE OF REVIEW......: INITIAL CLASSIFICATION/PROGRAM REVIEW
NEXT REVIEW DATE....: _____ 1/07 _____

PROJ. RELEASE DATE..: 12-22-2012              RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE                    HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW: __ 6/07 __       DETAINERS (Y/N): Y

CIM STATUS (Y/N)....: N           IF YES, RECONCILED (Y/N): __ N/A __

PENDING CHARGES.....: _____ INS detainer _____

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  (Y/N)....: N detainer
    IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE
```

```
CATEGORY      - - - - - - - -  CURRENT ASSIGNMENT - - - - - - - -  EFF DATE    TIME
CMA         IHP PEND          IMMIG FUTURE IHP PART DATE          02-20-2003   1814
CMA         PROG RPT          NEXT PROGRESS REPORT DUE DATE       02-06-2009   1100
CMA         RPP INELIG        RELEASE PREP PGM INELIGIBLE         06-17-2005   1219
CMA         V94 CDA913        V94 CURR DRG TRAF ON/AFT 91394      02-18-2003   1043
CUS         IN                IN CUSTODY                          01-17-2003   0807
DRG         DRG E COMP        DRUG EDUCATION COMPLETED            12-20-2004   1339
DRG         DRG I RQ C        DRG INTRV REQD: CONTRB TO OFF       02-20-2003   1959
EDI         ESL HAS           ENGLISH PROFICIENT                  02-14-2003   1121
EDI         GED EP            ENROLL GED PROMOTE W/CAUSE          08-16-2005   1208
EDI         GED SAT           GED PROGRESS SATISFACTORY           07-01-2004   1441
FRP         COMPLT            FINANC RESP-COMPLETED               09-01-2004   0915
LEV         MEDIUM            SECURITY CLASSIFICATION MEDIUM      11-17-2004   1054
MDS         NO F/S            NO FOOD SERVICE WORK                02-10-2003   1422
MDS         REG DUTY W        REGULAR DUTY W/MED RESTRICTION      01-21-2005   1103
QTR         C03-102U          HOUSE C/RANGE 03/BED 102U           04-11-2006   1608
RLG         MUSLIM            MUSLIM                              02-12-2003   1225
WRK         I ASEMBLY1        ASSEMBLY 1                          05-29-2006   0001
```

WORK PERFORMANCE RATING: _____ assembly 1 - needs average evaluation _____

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: _____ 0 _____

FRP PLAN/PROGRESS:   TRUST FUND DEPOSITS PAST 6 MO: $ __ 847.08 __

FRP PAYMENTS PAST 6 MO: $ __ N/A __     OBLG BALANCE: $ __ Complete __

CURRENT FRP PLAN: $ ____ N/A ____  PAYMENTS COMMENSURATE: YES ____ / NO ____

```
  MCK2M            *        PROGRAM REVIEW REPORT          *      06-14-2006
  PAGE 002                                                        19:59:13
```

IF NO, NEW PAYMENT PLAN: _____ N/A _____

RELEASE PREPARATION PARTICIPATION: _ineligible due to alien status_

CCC RECOMMENDATION: _ N/A due to INS detainer _

PROGRESS MADE SINCE LAST REVIEW: _maintained clear conduct_
-continued GED classes

GOALS FOR NEXT PROGRAM REVIEW MEETING: _maintain clear conduct_
- continue GED classes
- improve work performance

LONG TERM GOALS: _maintain clear conduct_
-complete GED by 7/07

```
MCK2M              *        PROGRAM REVIEW REPORT              *        06-14-2006
PAGE 003 OF 003                                                        19:59:13
```

OTHER INMATE REQUESTS/TEAM ACTIONS: _____ 407/408 _accurate_ _and_ _complete_

_____

_____

_____

_____

_____

_____

SIGNATURES:

UNIT MANAGER: _____  INMATE: ___x_____

DATE: _____7/3/06_____            DATE: __7/3/06_____

BP-s187.058
FEB 94

# PROGRESS REPORT

CDFRM

## U. S. DEPARTMENT OF JUSTICE        FEDERAL BUREAU OF PRISONS

| **Institution:**<br>FCI McKean, Pennsylvania | **Date:** February 6, 2006 | |
|---|---|---|

| INMATE REVIEWED | | |
|---|---|---|
| **Inmate Signature**<br><br>X | **Date**<br><br>February 6, 2006 | **Staff Signature**<br><br>Laura Lechien |

1.   **Type of Progress Report:**

   ___ **Initial**          ___ **Statutory Interim**      ___ **Pre-Release**
   ___ **Transfer**      _XX_ **Triennial**              ___ **Other:**

| 2.  **Inmate Name**<br>FOLKES, Kirkland | 3.  **Register Number**<br>14524-014 | 4.  **Age (DOB)**<br>(35) August 18, 1970 |
|---|---|---|

5.  **Present Security/Custody Level**:   Medium/In

6.  **Offense/Violator Offense**:
   21:841 Possession With Intent To Distribute and Distribution Of More Than 5 Grams Of
   Cocaine Base

7.  **Sentence**: 3559 PLRA Sentence, 151 months, 5 years Supervised Release, and a $100
   felony assessment.

| 8.  **Sentence Began**<br>December 30, 2002 | 9.  **Months Served + JCT**<br>38 months + 357 days JCT | 10.  **Days GCT/EGT/SGT**<br>Awarded:  162 days GCT<br>Projected: 592 days GCT |
|---|---|---|
| 11. **Days FSGT/WSGT/DGCT**<br>0/0/0 | 12.  **Projected Release**<br>December 22, 2012, via GCT | 13.  **Last USPC Action**<br>N/A |

14. **Detainers/Pending Charges:** INS Detainer

15. **Co-defendants:** None

Distribution:   Inmate File
                     U.S. Probation Office
                     Parole Commission Regional Office (if applicable)
                     Inmate

BP-Class-3

FOLKES, Kirkland                Reg. No.: 14524-014                February 6, 2006

16. **INSTITUTION ADJUSTMENT:** Mr. Folkes's adjustment to incarceration at FCI McKean, has been marginal. His weakness is lack of participation in education programs.

A. **Program Plan:** Mr. Folkes was re-classified at FCI McKean, on March 10, 2005. A review of his program plans reveals it was recommended he participate in GED classes, education classes, drug education, victim impact, and the inmate financial responsibility program.

B. **Work Assignments:** Mr. Folkes completed admission and orientation at this institution on February 2, 2005, and was subsequently assigned to work as an orderly in his housing unit. He has also worked in the paint shop, on the maintenance crew, and in our UNICOR factory. A review of his most recent work performance evaluation shows he is considered a very good worker.

C. **Educational/Vocational Participation:** Mr. Folkes's educational transcript indicates he is English proficient, and he is enrolled in GED classes. He has not completed any education classes thus far during his incarceration.

D. **Counseling/Drug Programs:** Mr. Folkes was required to participate in the drug education class, which he completed on December 20, 2004. He has not participated in any other counseling sessions.

E. **Incident Reports:** Mr. Folkes has maintained clear conduct during this incarceration.

F. **Institution Movement:** On February 6, 2003, Mr. Folkes was initially designated to USP Lewisburg. On January 21, 2005, he received a lesser security transfer to the Federal Correctional Institution, McKean, Pennsylvania, where he remains to date.

G. **Physical/Mental Health:** Mr. Folkes is assigned to regular duty status with the medical restriction of no food service work. He appears to be in adequate mental and physical health.

H. **Progress on Financial Responsibility Plan:** Upon sentencing in the District of Connecticut, Mr. Folkes incurred a $100 felony assessment which he successfully satisfied through his participation in the inmate financial responsibility program.

17.    **RELEASE PLANNING:**

    A.    **Residence:**        To be determined.

    B.    **Employment:**    To be determined.

    C.    **C.U.S.P.O.:**    **SENTENCING DISTRICT:**
                                Ms. Maria Rodrigues McBride
                                Connecticut Financial Center 22nd Floor
                                157 Church Street
                                New Haven, CT 06510-2030

Mr. Folkes is subject to notification under 18 USC 4042(b), due to his current conviction for a drug trafficking crime.

    D.    **Release Preparation Program:** Mr. Folkes is not required to participate in this program due to his alien status.

18.    **Prepared by:** _____    **DATE:**_____
                        **Laura Lechien, Case Manager**

19.    **Reviewed by:** _____    **DATE:** _____
                        **R. J. Reome, Unit Manager**