UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 3:01CR50(JCH) |
| KIRKLAND FOLKES | : | March 18, 2008 |

**GOVERNMENT'S RESPONSE REGARDING DEFENDANT'S
MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)**

On December 30, 2002, this Court sentenced the defendant, Kirkland Folkes, to 151 months' incarceration for distributing crack cocaine. According to the United States Probation Office and the Bureau of Prisons, the defendant's current projected release date is December 22, 2012. By motion filed January 22, 2008 (filing no. 23), the defendant, who is now 37 years old, asks the Court to reduce his sentence "by imposing the low end of his new Guideline range of 130 to 162 months." Defendant's Motion at 11. For the reasons stated below, the Government respectfully defers to the Court's discretion on the issue of whether to impose a lower sentence.

**I.   BACKGROUND**

On September 3, 2002, the defendant pleaded guilty to a one count indictment charging him with possession with intent to distribute and distribution of more than five grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The offense carried a maximum of 40 years' imprisonment and a mandatory minimum penalty of five years. At the time of the guilty plea, the defendant entered into a written plea agreement. He admitted to the factual predicate supporting each of the four elements of the offense. Plea Agreement Dated September 3, 2002 at 1 (filing no. 16). At page four of the plea agreement, the parties stipulated

to the guidelines as follows: The quantity of cocaine base resulted in a base offense level of 32. The Government agreed to recommend a three-level reduction for acceptance of responsibility. The total offense level 29 with a criminal history category VI resulted in a range of 151 to 188 months' imprisonment. The parties agreed at pages four to five that they would not seek any departures.

The Presentence Investigation Report ("PSR") prepared in this case tracked some of the stipulated guideline calculations. The quantity of cocaine base (between 50 and 150 grams), resulting in a base offense level of 32. PSR ¶ 15. The PSR explained that the defendant clearly demonstrated acceptance of responsibility and a three-level downward adjustment was warranted, PSR ¶ 20, resulting in a total offense level of 29, PSR ¶ 22. The PSR at paragraphs 25 to 36 details the defendant's 12 criminal convictions from 1987 to 2001. The convictions range from resisting arrest and possession of a pistol without a permit (arrested July 24, 1987 - effective sentence of 30 months in prison), failure to appear (arrested March 5, 1990 - 30 months in prison), escape (arrested September 16, 1991 - six months), possession of a pistol without a permit (arrested April 16, 1994 - 4 years in prison), failure to appear (arrested July 29, 1994 - 4 years concurrent), possession of a revolver (arrested July 29, 1994 - 4 years concurrent), sale of narcotics (arrested October 1, 1996 - 2 years in prison), unlawful restraint in the second degree (arrested July 5, 2000 - 6 months in prison), assault in the second degree (arrested July 5, 2000 - suspended sentence), and criminal trespass. Those convictions coupled with their timing in relation to the offense resulted in a total of 26 criminal history points, making him a criminal history category VI. PSR ¶ 37. The PSR noted that the defendant, who unlawfully entered this country from Jamaica at the age of 13, has been in and out of the Department of Correction since

1986. PSR ¶ 46.

The PSR did note under the impact of the plea agreement section that the Court could find that the defendant played a leadership role in the offense (U.S.S.G. § 3B1.1(c)) and used a minor (his daughter) to commit the drug offense (U.S.S.G. § 3B1.4), thereby adding a two-level increase for each (32 plus 4), minus three levels for acceptance of responsibility, resulting in an offense level total of 33, which is a range of 235 to 293 months. PSR ¶ 23.

On December 30, 2002, this Court imposed a term of incarceration of 151 months' incarceration and a five-year period of supervision. Filing no. 21. In doing so, according to the written statement of reasons, the Court adopted the undisputed factual statements in the PSR and determined the guideline range to be 235 to 293 months based on a total offense level of 33 and criminal history category of VI. The written statement of reasons further explained that the Court downwardly departed four levels to offense level 29 and criminal history category IV, resulting in a range of 151 to 188 months. The Court, according to its written statement of reasons, downwardly departed in order to effectuate the plea agreement between the parties, which was a range of 151 to 188 months' imprisonment (total offense level 29 and criminal history category VI). The Court waived a fine and imposed the mandatory $100 special assessment. **II.**

**DISCUSSION**

On November 1, 2007, the Sentencing Commission amended the cocaine base guidelines provided for under U.S.S.G. § 2D1.1(c). The amendment in question is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack cocaine

offenses.[1]  In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses.  The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses.  See U.S.S.G., Supplement to App. C, Amend. 706.  Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence.  Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties.  For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years' imprisonment.  See 21 U.S.C. § 841(b)(1)(B).  Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

   The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses.  At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more.  That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms

---

[1]  Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams.

On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Id. The Court may act on this motion without the defendant's presence. Section 1B1.10(a)(3) of the guidelines clearly states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." In addition, Fed. R. Crim. P. 43(b)(4) explicitly provides that a defendant "need not be present" when the proceeding involves a reduction of sentence under 18 U.S.C. § 3582(c). Likewise, given the rules and considering the burdens imposed on producing prisoners incarcerated within the Bureau of Prisons, the federal courts of appeal to address this issue have uniformly held that a defendant has no constitutional or statutory right to be present in connection with a motion filed under Section 3582(c). See, e.g., Anderson v. United States, 241 Fed. Appx. 625, 629 (11th Cir. July 18, 2007) (unpublished) ("Under Federal Rule of Criminal Procedure 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding is not required") (emphasis in original); United States v. Leger, 205 F.3d 724, 730 (4th Cir. 2000) (same; hearing not required); United States v. Tidwell, 178

F.3d 946, 948-949 (7th Cir. 1999) (same, noting that "a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution").

Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, as he does in this case, a reduction of sentence is not automatic. This Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998);[2] see also United States v. Colon, 961 F.2d 41, 46 (2d Cir. 1992)(stating that district court, in the first instance, had to determine to what extent, if any, it has authority to apply retroactive amendment and whether it wishes to exercise its discretion to do so).

Similarly, section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." Id., comment. (n. 1(B)(I)); see also U.S.S.G. § 1B1.10, comment. (backgr'd) ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of

---

[2] In Vautier, the Eleventh Circuit held that the district court did not abuse its discretion in denying a Section 3582(c)(2) motion for reduction of sentence, upon considering the 3553(a) factors. The district court denied the motion, stating that "in light of this Court's expressed concern of the defendant's demonstrated violence and factoring all of the other considerations that went into the establishment of this defendant's sentence, the same sentence would have been imposed under the current amended guidelines." Vautier, 144 F.3d at 759.

a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. See United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993); United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir. 1992); United States v. Mueller, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." Vautier, 144 F.3d at 760. First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

Id. In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact." Vautier, 144 F.3d at 760.

Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." Id.[3] Subject to the limits set forth in Section 1B1.10(b), the Court

---

[3] The Eighth Circuit has also endorsed and explained at length this two-step procedure. United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc), citing United States v. Wyatt, 115 F.3d 606 (8th Cir. 1997). In United States v. Legree, 205 F.3d 724, 728 (4th Cir.

may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence.  In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative.  Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment."  Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment."  The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

If this Court decides to reduce a defendant's sentence, the extent of the reduction is strictly limited.  Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced.  See 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u).  The Commission, in turn, directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)."  U.S.S.G.

---

2000), however, the court stated that it disagreed with the need for or utility of the two-step method.  The essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record.  The court did not criticize the underlying proposition that a trial court in fact should consider the guideline range as affected only by the guideline amendment, and should then apply the Section 3553(a) factors in determining whether to reduce the sentence.  See id.

§ 1B1.10(b)(2)(A). An application note adds: "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." U.S.S.G. § 1B1.10, comment. (n. 3).[4] Thus, the Court may not reduce the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served." Id., comment. (n. 3).

In this case, the United States Probation Office has issued an addendum to the PSR dated March 7, 2008. The addendum correctly notes that the Court determined the total offense level to be 33 and the criminal history category to be VI. Applying the new guideline range under November 1, 2007 amendment, the total offense level would be 31 and criminal history VI, resulting in a range of 188 to 235 months. At sentencing, the Court departed four levels and imposed a term of incarceration of 151 months, which was the bottom of the total offense level 29 and criminal history category VI in order to effectuate the parties' plea agreement.

The addendum further notes that the defendant is currently imprisoned at FCI McKean and

---

[4] Application note 3 provides an example of this rule:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

his projected release date is December 22, 2012. The defendant is an illegal alien from Jamaica who has 12 criminal convictions from 1987 to 2001 as outlined above, including for weapons possession, escape, and sale of drugs. The addendum notes that in committing the drug offense in this case, the defendant was a leader and he used a minor during the commission of the drug offense.

The addendum notes that the United States Probation has not received a progress report from the Bureau of Prisons. The defendant in his motion states that he has been a good prisoner and has worked in the Federal prison industries for four years where he has learned marketable job skills. Defendant's Motion at 9. He explains that has been working to "transform his life into something meaningful," and that he has learned that education and job skills are necessary to succeed in life. Id. at 9-10. The defendant further writes that he is working to complete high school. Id. at 10. The defendant states, without making excuses for his criminal conduct, that he had been traumatized at a young age when he watched his mother gunned down. Id.

The defendant asks the Court to apply the crack guideline amendment and reduce by two levels the total offense level 29 as calculated in the plea agreement and the level to which the Court departed. This further reduction would result in a total offense level 27 and criminal history category VI, which is a range of 130 to 162. The defendant again asks the Court to sentence him to the low end of the guideline range, asserting that a 130-month sentence would satisfy the section 3553(a) factors and be "sufficient but not greater than necessary" to achieve the purpose of sentencing. Id. at 11.

The Government respectfully defers to the Court on the issue of whether, pursuant to 18 U.S.C. § 3582(c), it should exercise its discretion and further lower the defendant's sentence from

151 months' incarceration to a term of incarceration within the 130 to 162 guideline range applicable after the full two-level reduction in the crack cocaine guidelines. Presumably, had the amended crack cocaine guidelines been in effect in 2002, the Government would have agreed to the 130 to 162 range in its plea agreement. The revised guideline range (total offense level 31/criminal history VI) as recalculated in the PSR addendum is now 188 to 235 months. Only the Court knows if it would have departed to 130 to 162 range from 188 to 235 to give effect to the plea agreement and, if so, whether it would have imposed a sentence at the bottom of the range based on the facts of this case.

      The Government submits that, in considering whether to exercise its discretion and grant the defendant's motion, the Court should consider whether a sentence reduction is warranted given the defendant's criminal record for weapons, escape, drugs, assault, and unlawful restraint offenses shows a total lack of respect for the law. He is a career criminal who has been in and out of prison and at the time of sentencing he had no meaningful work history (PSR ¶¶ 67-68, 83) while being in this country illegally. Although the defendant undoubtedly faces deportation upon the completion of his prison sentence, this Court, under the application note 1(B)(ii), rightfully is to consider the public's safety in determining whether and to what extent is should reduce the defendant's prison sentence. The defendant's statements that he now understands the importance of education and hard work and his apparent effort to study and work in prison are commendable. His having achieved a criminal history category VI at age 32 in 2002, however, means the likelihood that the defendant will offend again is great.

### III.     CONCLUSION

For the foregoing reasons, the Government defers to the Court on the issue of whether, pursuant to 18 U.S.C. § 3582(c), the Court should exercise its discretion and lower the defendant's sentence.

                      Respectfully submitted,

                      KEVIN J. O'CONNOR
                      UNITED STATES ATTORNEY


                      PETER S. JONGBLOED
                      ASSISTANT UNITED STATES ATTORNEY
                      Federal Bar No. ct03192
                      23d Floor
                      157 Church Street
                      New Haven, Connecticut  06510
                      (203) 821-3700

### CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March 2008, I caused a copy of the foregoing Notice to be sent by first-class mail, postage prepaid, to the following:

Kirkland Folkes
Prisoner No. 14524-014
FCI McKean
P.O. Box 8000
Bradford, PA  16701

Raymond Lopez
Senior United States Probation Officer
United States Probation Office
915 Lafayette Boulevard
Bridgeport, Connecticut  06510


                      _____
                      PETER S. JONGBLOED
                      ASSISTANT UNITED STATES ATTORNEY