IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2008 MAR 28 P 2: 42
U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.                                      Criminal No. 3:01CR50(JCH)

KIRKLAND FOLKES,

    Defendant-Petitioner,
_____/

### PETITIONER'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 UNITED STATES CODE SECTION 3582(c)(2)

Petitioner Kirkland Folkes ("Folkes"), proceeding pro se, respectfully submit this Reply to the Government's brief filed March 18, 2008 in response to his Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582(c)(2), which is pending before this Court.

The government, in its brief, concedes that Amendment 706 is applicable to Folkes' case and that the Court may consider whether to reduce Folkes' sentence in light of the Amendment. The government further concedes that Folkes' new base offense level under Amendment 706 is 29, which yields a sentencing range of 130 to 162 months, and "defers to the Court's discretion on the issue of whether to impose a lower sentence." (Gov. Resp.

1

at 1, 11-12).

Finally, the government asserts that "[i]f this Court decides to reduce [Folkes'] sentence, the extent of the reduction is strictly limited." (Gov. Resp. at 8), citing U.S.S.G. § 1B1.10(b)(2)(A) ("the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)").

For the reasons stated below, Folkes respectfully urge this Honorable Court to reject the government's contention that it may not reduce his current prison sentence below the adjusted sentencing range provided by Amendment 706 (See, U.S.S.G. § 1B1.10, comment. n.3), and instead exercise its dicretion and impose a sentence that the Court deems to adequately take into account the factors set forth in 18 U.S.C. § 3553(a).

A.   **ARGUMENT**

The government's argument that this Court may not reduce Folkes' sentence below the range provided by the amended guideline fails on several fronts. First, the case-law relied upon by the government are all dated pre-<u>Booker</u> and are therefore inapplicable under the advisory sentencing scheme that now exist post-<u>Booker</u>. Under <u>Booker</u>, all guidelines are advisory only, and any holding that renders the guidelines effectively mandatory contravenes with the Sixth Amendment error reached by the <u>Booker</u> Court. See, <u>United States v. Booker</u>, 543 U.S. 220 (2005); see also <u>Kimbrough v. United States</u>, 128

2

S.Ct. 558, 566-575. In other words, "[a] district judge must include the Guidelines range in the array of factors warranting consideration, but the judge may determine that, in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing." Id., citing 18 U.S.C. § 3553(a); see also Montes-Pineda, 445 F.3d at 378 ("the applicable Guidelines range is only **one factor** that sentencing courts must consider in imposing a proper sentence"), citing Booker, 543 U.S. at 259-60 (emphasis added).

Secondly, as the government concedes, when considering a motion under § 3582(c)(2), the district court is required to consider "the factors set forth in section 3553(a) to the extent that they are applicable" when deciding whether to reduce a previously imposed sentence in light of an amended guideline range. (See, § 3582(c)(2)); cf. Rita v. United States, 127 S.Ct. 2465, 2468 (2007) (holding that district courts may conclude that the guideline sentence fails to reflect § 3553(a) considerations, reflects an unsound judgment by the Sentencing Commission, does not treat defendant characteristics in a proper way, or that a different sentence is appropriate "regardless"); see also 28 U.S.C. § 994(o) (provides the court with the discretion to "reduce the term of imprisonment after considering the factors set forth in section 3553(a)"). Therefore, any limitation on the sentencing court's ability to consider the § 3553(a) factors in imposing a new sentence is a violation of the court's duty under § 3582(c)(2). Once the authority to reduce a sentence under § 3582(c)(2) is triggered by a

3

retroactive guideline, the sentencing court must consider **all** relevant statutory sentencing criteria currently in existence, even if such criteria did not exist at the time of the original sentencing and is otherwise unrelated to the triggering amendment. See, <u>United States v. Mihn</u>, 134 F.3d 1353, 1355 (8th Cir. 1998) (in a § 3582(c) resentencing, district courts can apply § 3553(f)'s safety valve to reduce sentence below the mandatory minimum because § 3553(f) is a general sentencing consideratioin that the district court must take into account in exercising its present discretion to resentence under § 3582(c)(2)); <u>United States v. Reynolds</u>, 111 F.3d 132 (6th Cir. 1997) (defendant eligible for § 3582(c)(2) resentencing is also eligible for reduction based on § 3553(f) because it applies "to all sentences that are imposed" after the statute's effective date); <u>Settembrino v. United States</u>, 125 F.Supp.2d 511 (S.D. Fla. 2000) ("when faced with a Section 3582(c)(2) resentencing, a district court may consider grounds for departure unavailable to a defendant at the original sentencing, including safety valve relief of Section 3553(f)").

Third, whenever a defendant such as Folkes seeks a reduction in his prison sentence in a motion under § 3582(c)(2) based on an amendment to the guidelines that has been made retroactive by the Sentencing Commission, under U.S.S.G. § 1B1.11(a) & (b)(2), "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced[,] unless doing so violate the ex post facto clause." See, <u>United States v. Forty Estremera</u>, 498 F.Supp.2d 468 (D. Puerto Rico, 2007) (observing

that "when [a district] court reconsiders [a] sentence pursuant to § 3582(c)(2)---in a proceeding that occurs **solely** because the Sentencing Commission lowered the applicable sentencing range---the court ... ha[s] [the] discretion to impose a non-guidelines sentence"), citing United States v. Hicks, 472 F.3d 1167, 1171 (9th Cir. 2007) (holding that, "Booker applies to resentencing proceedings brought under the statute authorizing courts to modify a sentence based on subsequent lowering of Sentencing Guidelines range by Sentencing Commission, and thus the newly calculated Guidelines range is advisory"); see also United States v. Mateo-Espejo, 426 F.3d 508, 510, note 1 (1st Cir. 2005) (absent an ex post facto problem, the district court **must apply** the version of the Sentencing Guidelines in effect on the date of resentencing) (emphasis added). Thus, the version of the guidelines to be applied in this case is the current advisory guidelines established under Booker.

Lastly, the government's reliance on the amended commentary of § 1B1.10(b)(2)(A) issued by the Sentencing Commission which seeks to limit the amount of reduction in a defendant's sentence the court may impose in light of Amendment 706 essentially ignores the constitutional question at issue under the pre-Booker mandatory guideline regime, which has since been resolved by the Booker/Fanfan remedial decision.

The Supreme Court has explicitly held that the guidelines are no longer binding. Moreover, the Court noted in Kimbrough that although "Booker rendered the []Guidelines advisory, [Booker also] preserved a key role for the Sentencing

Commission" in that "the Commission's recommendation of a sentencing range [in the ordinary case] will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives'." Kimbrough, 128 S.Ct. at 574, citing Rita v. United States, 127 S.Ct. 2456, 2465 (emphasis added). The Court further stated that "a district court's decision to vary from the advisory Guidelines may attract greatest respect when the sentencing judge finds a particular case 'outside the heartland' to which the Commission intends individual Guidelines to apply." Id., citing Rita, 127 S.Ct. at 2465.

In a similar vein, the Ninth Circuit, in United States v. Hicks, observed that "under Booker, to the extent that the policy statements [issued by the Sentencing Commission] would have the effect of making the guidelines mandatory (even in the restricted context of § 3582(c)(2)), they must be void." Id. In that sense, the amended commentary of § 1B1.10(b), which aims to limit this Court's discretion in imposing a sentence that is "sufficient but not greater than necessary" to achieve the § 3553(a)'s purposes, must be read as advisory under Booker. The revised commentary of §§ 1B1.10(b)(1) and (b)(2) basically instructs sentencing courts to treat § 1B1.10 as mandatory, which in turn renders § 2D1.1 mandatory in the context of a § 3582(c)(2) resentencing, in violation of Booker and Kimbrough. Moreover, the revised commentary of § 1B1.10(b) also violates the Commission's own statutory obligations under its enabling statutes, 28 U.S.C. § 991 and § 994.

Under section 3582(c)(2), the sentencing court is required

6

to "consider the factors set forth in § 3553(a) to the extent that they are applicable" when reducing a defendant's sentence. The amended version of § 1B1.10 would require the district court to grant, at most, a two-level reduction in every case even if the resulting sentence would still be greater than necessary to serve the purposes of sentencing or create unwarranted disparity or otherwise contradict an applicable § 3553(a) factor.  Because the amended guideline still results in sentences that are based on an unwarranted disparity and fails to serve the purposes of sentencing, a district court cannot automatically assume, as the Commission would have it, that a sentence under the amended guideline satisfies § 3553(a).  Therefore, because this Court has a statutory obligation to consider the applicable § 3553(a) factors when imposing a new sentence under § 3582(c)(2), the Commission's policy statement to the contrary is invalid. See, Neal v. United States, 516 U.S. 284, 290, 295 (1996) (Commission "does not have the authority to amend [a] statute" by purporting to interpret it in ways contrary to the construction given it by the Supreme Court, and that Court will "reject [the Commission's] alleged contrary interpretation"); see also Stinson v. United States, 508 U.S. 36, 38 (1993) ("commentary in the Guidelines Manual that interprets or explains a Guideline is authoritative unless it violates the Constitution") (emphasis added); Hicks, 474 F.3d at 1172-73 ("to the extent that policy statements are inconsistent with Booker by requiring that the Guidelines be treated as mandatory, the policy statements must give way").

Indeed, the Commission itself has repeatedly acknowledged that sentences under the crack guideline "fails to meet the sentencing objectives set forth by Congress" in § 3553(a) and cause unwarranted disparity among drug offenders, even with the two-level reduction. It is the Commission, after voting unanimously that Amendment 706 should be applied retroactively, that described the "modest change" brought about by Amendment 706 as "only ... a partial remedy" for the problems generated by the crack/powder cocaine disparity.

That said, the Commission's revision of § 1B1.10, which attempts to limit this Court's statutory obligation under § 3582(c)(2) by undermining the use of its sentencing discretion in the present advisory regime established under <u>Booker</u>, and requiring the Court to impose a new sentence based on facts that were initially found to be in violation of the Sixth Amendment, would import that Sixth Amendment violation into the new sentence. <u>Booker</u> has made clear that the guidelines cannot be applied as mandatory in some circumstances and not others. The Supreme Court has specifically made this point clear.

In deciding <u>Booker</u>, the Court rejected the government's suggestion that it "render[] the Guidelines as advisory in any case in which the Constitution prohibits judicial factfinding" but "leave them as binding in all other cases..." In making this determination, the Court reasonded that:

> "[W]e do not see how it is possible to leave the Guidelines as binding in other cases. For one thing, the Government's proposal would impose mandatory Guidelines-type limits upon a

> judge's ability to reduce sentences, but it
> would not impose those limits upon a judge's
> ability *increase* sentences. We do not
> believe that such one-way levers are compatible
> with Congress' intent."

Booker, 543 U.S. at 206 (emphasis in original).

Again in Kimbrough, the Court rejected the government's argument that § 2D1.1 and, more specifically, the crack guidelines, can be interpreted in any way that renders it effectively mandatory:

> "[U]nder Booker, the cocaine Guidelines, like
> all other Guidelines, are advisory only; and
> ... the Court of Appeals erred in holding the
> crack/powder disparity effectively mandatory."

Kimbrough, 128 S.Ct. at 566.

The reasoning reached by both the Booker Court and the Kimbrough Court regarding decisions that would render the guidelines effectively mandatory is true for the amended commentary of § 1B1.10 issued by the Sentencing Commission, which "would impose mandatory Guideline-type limits upon a judge's ability to reduce sentences" and would render § 2D1.1 "effectively mandatory" for crack defendants being resentenced under § 3582(c)(2) in light of Amendment 706. The amended commentary of § 1B1.10 therefore violate Booker and Kimbrough, and is void as a matter of law. See, Neal, 516 U.S. at 290, 295 (Commission "does not have the authority to [effectively] amend [a] statute" by "interpreting" it in ways contrary to the construction given it by the Supreme Court, and the Court will "reject [the Commission's] alleged contrary interpretation");

9

Stinson, 508 U.S. at 38 ("commentary in the Guidelines Manual that interprets or explains a Guideline is authoritative **unless it violates the Constitution**") (emphasis added); Hicks, 472 F.3d at 1172-73 ("to the extent that policy statements are inconsistent with Booker by requiring that the Guidelines be treated as mandatory, the policy statements must give way").

Requiring the guidelines to be treated as advisory in a § 3582(c)(2) resentencing proceeding does not run afoul of cases holding that Booker is not retroactive. Likewise, a section 3582(c)(2) proceeding renders the judgment no longer final for the limited purpose of imposing a reduced sentence. See, 18 U.S.C. § 3582(b) ("Notwithstanding the fact that a sentence to imprisonment can subsequently be modified pursuant to the provisions of subsection (c) ... a judgment of conviction that includes such a sentence constitutes a final judgment for all **other** purposes") (emphasis added). Stated differently, a judgment of conviction **does not** constitute a final judgment for purposes of modifying the sentence pursuant to § 3582(c)(2) and thus the finality concerns against applying Booker retroactively do not exist in that limited context. United States v. Goines, 357 F.3d 469, 478 (4th Cir. 2004) ("the disruption of finality engendered by a broad interpretation of § 3582(c)(2) is consistent with the legislative design," which anticipates that sentences will be reopened whenever a guideline amendment is given retroactive effect).

As stated above, the Commission has already acknowledged that the crack amendment represents only a modest interim

10

measure that does not fully rectify the problems with crack sentences, including that they "fail[] to meet the sentencing objectives set forth by Congress" in § 3553(a)(2). In revising § 1B1.10 to restrict a court's ability to even consider this acknowledged failure of the guideline **as amended** to satisfy § 3553(a) when imposing a new sentence under § 3582(c)(2), the Commission has violated its obligation under 28 U.S.C. § 994(a)(2) to write policy statements that "further the purposes set forth in section 3553(a)(2)." (28 U.S.C. § 994(a)(2)). The Commission has also violated its obligation to establish sentencing policies and practices that assure that the purposes of § 3553(a)(2) are met, avoid unwarranted sentencing disparities, maintain sufficient flexibility to permit individualized sentences, and reflect advancement in the knowledge of human behavior as it relates to the criminal justice process. See, 28 U.S.C. § 991(b)(1)(A)-(C). If guideline commentary "is at odds with" the plain language of 28 U.S.C. § 994, the guideline commentary "must give way." United States v. LaBonte, 520 U.S. 751, 757 (1997). The amendments to § 1B1.10 are thus void as an improper exercise of Commission authority, in addition to violating the remedial holding in Booker, and should therefore be rejected. See, Booker, 543 U.S. at 265 ("We do not doubt that Congress, when it wrote the Sentencing [Reform] Act, intended to create a form of mandatory Guideline system.").

Thus, this Court is free to reject the Commission's amendment to § 1B1.10 and proceed with imposing a reduced

sentence (or a non-guideline sentence) in this case that fully takes into consideration the factors set forth in § 3553(a), inasmuch as such a sentence is "sufficient **but not greater than necessary** to satisfy the purposes of sentencing." See § 3552(a).

Finally, there is no doubt that Folkes' criminal history has cast a dim light against him receiving the benefits of Amendment 706. However, the information regarding Folkes' criminal history cited by the government in its brief have already been conveyed to the Court via the Presentence Report prior to Folkes' sentencing. The Court could have very well used this information against Folkes back then, but instead chose not to.

Presented with the opportunity to now petition this Court for a reduction in his sentence, Folkes offer no excuses for his criminal past. Instead, he respectfully ask that the Court look towards what he is attempting to do with himself in terms of trying to create options that do not involve the pursuit of illicit activities. Folkes is currently in school, and for the first time in his life he has finally learned to appreciate the effort and the accomplishment akin to a hard day's work through his job at the Federal Prison Industries (UNICOR).

Lastly, the public safety concern that the government alluded to in its brief as it relates to the amount in reduction this Court should consider imposing in Folkes' case, Folkes' conduct in prison for the past six years is not indicative of someone who plans on going back to a life of crime. Moreover, Folkes will most likely (if not certainly) be deported to his

native domicle, Jamaica (which is a battle that he does not plan on fighting), and can now say with certainty that, given the prospect of his deportation, he will not return to the United States. As Folkes' record indicates, majority of his life have already been wasted either in confinement or through wallowing in the streets in prohibitive activities, and he realizes that by returning to the United States (illegally), he would only be subjecting himself to waste more valuable years of his life in confinement.

B.     **CONCLUSION**

Based on the foregoing argument and statements, Folkes again respectfully ask this Honorable Court to reduce his current prison sentence of 151 months by imposing the low end of his new guideline range of 130 to 162 months in light of the recent changes to the United States Sentencing Guidelines brought about by Amendment 706.

Dated: March 25, 2008.

Respectfully submitted,

*Kirkland Folkes*
Kirkland Folkes (pro se)
Register No. 14524-014
FCI McKean
P.O. Box 8000
Bradford, PA 16701

13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached PETITIONER'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) was sent via First Class mail on this 25 day of March, 2008 to the following attorney for the government:

Mr. Peter S. Jongbloed
Assistant U.S. Attorney
157 Church Street
New Haven, CT 06510

*Kirkland Folkes*
Kirkland Folkes (pro se)
Register No.14524-014
FCI McKean
P.O. Box 8000
Bradford, PA 16701