UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------- :
:
UNITED STATES OF AMERICA           :        No. 3:01CR50(JCH)
:
v.                                 :
:
KIRKLAND FOLKES                    :        May 23, 2008
:
---------------------------------------------- :

**DEFENDANT'S SUPPLEMENTAL BRIEFING ON DEFENDANT'S REQUEST FOR REDUCTION IN CRACK-BASED SENTENCE**

The court has granted defendant Kirkland Folkes the opportunity for undersigned CJA counsel to review his pro se filings and supplement them to the extent deemed proper.

Defendant Folkes' filings properly request that the court reduce his offense level by two levels as reflected in the recent Amendment to the Federal Sentencing Guidelines.

Said filings also properly request that the court consider further reductions in contemplation of, e.g., Kimbrough v. United States, 552 U.S. ___ (2007); 128 S.Ct. 558 (2007) . Toward that end, counsel deemed it important to supplement the filings by bringing to the court's attention the opinion recently issued by the United States Court of Appeals for the Second Circuit in USA v. Regalado, 2008 WL 577158.

In Regalado the Second Circuit ruled that implementation of Kimbrough and Gall v. United States, 552 U.S.___ (2007); 128 S.Ct. 586, 594 (2007) required remand to the trial court to determine whether the trial court's consideration of the 100:1 ratio of crack to powder cocaine would have resulted in a different sentence. The court noted that,

before Kimbrough and Gall, trial courts had been discouraged from considering the ratio of crack to powder cocaine, and that that may have resulted in plain error.

The court remanded Regalado for further proceedings consistent with Kimbrough and Gall, holding that it made little sense to allow the appeal to become final, without permitting the trial court to consider the impact that Kimbrough and Gall may have on the sentence it imposed.

In Kimbrough, the United States Supreme Court held that the crack cocaine guidelines are not mandatory and that the sentencing court may consider the 100:1 crack to powder cocaine ratio when contemplating whether to impose a non-guidelines sentence. In Gall the court held that extraordinary circumstances are not required for the court to consider a non-guidelines sentence.

In Regalado, the Second Circuit observed as follows:

> ... until Kimbrough and Gall, **this Circuit tended to discourage district courts from deviating from the crack cocaine Guidelines**. Our opinion in United States v. Castillo, 460 F.3d 337 (2d Cir.2006), may have been over-read or misread to inhibit any deviation. **District courts may also have been inhibited from exercising their full discretion by the fact that the Sentencing Commission borrowed the 100-to-1 Guidelines ratio from the mandatory minimums for drug offenses decreed by Congress.** Id. at 567 (explaining origin of Guidelines crack to powder ratio). Therefore, when a district court sentenced a defendant for a crack cocaine offense before Kimbrough, there was an **unacceptable likelihood of error; certainly, the court acted under the influence of a widespread assumption that is now known to be erroneous**. Where the defendant failed to argue for such a deviation from the Guidelines range before the sentencing court, it is impossible to know, ex post, whether the court would have exercised its discretion to mitigate the sentencing range produced by the 100-to-1 disparity.

Id, page 2, Emphasis Added.

The <u>Regalado</u> court went on to say

> it makes little sense to allow a judgment to become final even though the district court would not have imposed it in light of its now better defined powers so that the same essential question can be presented by motion. Therefore, the best course is to remand to the district court.

Id, page 5.

Defendant Folkes, by and through his undersigned counsel, supplements his filings by requesting that the court reduce his sentence in contemplation of all of the factors set forth in original sentencing materials, the briefing submitted to date, and this supplemental filing.

## **CONCLUSION**

Defendant Folkes' sentence should be reduced.

Respectfully submitted,<br>
DEFENDANT KIRKLAND FOLKES

           /s/ Robert J. Sullivan, Jr.
By_____
  Robert J. Sullivan, Jr.
  LAW OFFICES OF ROBERT SULLIVAN
  190 Main Street
  Westport, Connecticut 06880
  Tel. No. 203/227-1404
  Federal Bar No. CT08969

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 23, 2008, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                           /s/ Robert J. Sullivan, Jr.
                           _____
                           Robert J. Sullivan, Jr.
                           LAW OFFICES OF ROBERT SULLIVAN
                           190 Main St.,  Westport, CT 06880
                           Phone: 203/227-1404
                           Fax: 203/226-6403
                           Federal Bar No. CT08969
                          E-mail: rjslaw@optonline.net; rjslawdl@optonline.net